## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joanne Lee Rocha, | Civil No. 11-CV-1058 (JNE/SER) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Bank of America, | |
| Defendant. | |

---

Joanne Lee Rocha, *pro se*, 1483 W. Larpenteur Ave., #2, Falcon Heights, MN 55113.

Sparrowleaf Dilts McGregor, Esq., Fulbright & Jaworski LLP, 80 South 8th Street, Suite 2100, Minneapolis, MN 55402, for Defendant

---

STEVEN E. RAU, United States Magistrate Judge

Joanne Lee Rocha ("Rocha"), proceeding *pro se*, imitated this case against Defendant Bank of America, N.A.'s ("BAC"), in a dispute arising out of the foreclosure on a rental property Rocha owns in Columbia Heights, Minnesota. This case is before the Court on Rocha's Motion for Default Judgment [Doc. No. 4] and BAC's Motion to Dismiss Plaintiff's Complaint [Doc. No. 12]. These motions were referred to the undersigned by Orders of Reference entered by the District Court on June 1, 2011 and July 27, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b). For the reasons set forth below, the Court recommends that Rocha's Motion for Default Judgment be denied and BAC's Motion to Dismiss be granted.

I. **BACKGROUND**

Rocha initiated her first case against BAC[1] on March 3, 2011, and that case is still pending. *Rocha v. Bank of America*, 11-CV-0551 (DSD/JSM) (D. Minn. filed March 3, 2011, hereinafter "551 case"). The 551 case related to BAC's foreclosure on Rocha's primary residence located in Falcon Heights, Minnesota.[2] (Def.'s Mem. in Sup. of Its Mot. to Dismiss Pl.'s Compl., at 3, hereinafter "Def.'s Dismiss Mem.") [Doc. No. 14]. In that case, Rocha alleges BAC breached a loan modification offer. (11-CV-0551, [Doc. No. 1]). After the court stayed the case and the parties stipulated to extensions, BAC answered the Complaint in the 551 case on May 27, 2011, and filed an amended answer on September 12, 2011. (11-CV-0551, [Doc. No. 10 and 34]).

While the 551 case was stayed and before BAC filed its first Answer, Rocha initiated the instant case against BAC to stop foreclosure proceedings on her Columbia Heights rental property. [Doc. No. 1]. The only allegation in Rocha's new Complaint is, "[f]rom 2008 on[,] Plaintiff made multiple attempts at loan modification and was turned down, although Bank of America did offer loan modification on another of Plaintiff's properties." (*Id.*). Rocha did not cite any laws, statutes, or regulations in her Complaint. (*Id.*). On May 2, 2011, Rocha filed a signed summons and a copy of a certified mail receipt showing she mailed the Complaint to "Bank of America, Corporate Center" in North Carolina on April 26, 2011. (Summons Returned Executed) [Doc. No. 3]. The receipt and summons are not addressed to any specific officer or

---

[1] In that case, Bank of America contends that the proper defendant is its wholly owned subsidiary, Bank of America Home Loans Servicing, L.P.

[2] Rocha did not identify the address of the property at issue in the 551 case in her Complaint. Based on a review of its own records, BAC initially believed the 551 case related to the Columbia Heights property in the instant case. (Def.'s Mem. in Opp. to Pl.'s Mot. for a Default J. at 3, hereinafter "Def.'s Default Mem.") [Doc. No. 7]. After some discovery, BAC now understands that Rocha's claims in the 551 case arise from the foreclosure on her Falcon Heights property and amended its Answer to clarify this fact. At oral argument Rocha agreed that the 551 case related to her primary residence in Falcon Heights.

employee of BAC, or any authorized agent of BAC. (*Id.*). Arthur McClure signed the mail receipt. (*Id.*). BAC represents that McClure was not an officer, managing agent, or general agent of BAC—rather, he is an employee of a vendor who picks up mail for BAC. (Def.'s Dismiss Mem. at 4 n. 1).

On May 27, 2011, Rocha filed the instant default judgment motion. [Doc. No. 4]. In her moving papers and at the hearing, Rocha clarified that her claim in this case is based on an April 13, 2011, "order of the federal government . . . forcing 16 major banks to audit their records and to 'remediate all financial injury to borrowers caused by any errors, misrepresentations, or other deficiencies.'" (Mot. for Default J. at 2). Rocha acknowledged at the hearing that she "did not know for sure" if there were any irregularities or problems in the processing of her foreclosure, but because of the alleged problems with respect to the loan on her other property, she wanted BAC to complete an audit of her account.[3]

On June 22, 2011, BAC responded to Rocha's default judgment motion asserting that it was never properly served, Rocha never filed an affidavit of service, and Rocha failed to obtain an entry of default judgment from the clerk before moving for default judgment. [Doc. No. 7]. On July 26, 2011, BAC filed the instant motion to dismiss for failing to state a claim upon which relief can be granted. [Doc. No. 12]. BAC asserts that it still has not been properly served with

---

[3] In attempting to construe the vague allegation in Rocha's Complaint, BAC argued that if Rocha was attempting to assert a claim under the Home Affordable Mortgage Program ("HAMP"), her claim failed as a matter of law because there is no private right of action under HAMP. (Def.'s Dismiss Mem. at 2, 5-7). Rocha explicitly denied at the hearing that she was attempting to enforce any rights under HAMP in this action. Even if Rocha's claims were construed as seeking relief under HAMP, judicial review under HAMP is limited to an administrative action against the Secretary of the Treasury and HAMP does not create a private right of action. *Olivares v. PNC Bank*, No. 11-1626, 2011 WL 4860167, *2 (D. Minn. Oct. 13, 2011) (citing *Marks v. Bank of Am., N.A.*, No. 10–8039, 2010 WL 2572988, at *5–6 (D. Ariz. June 22, 2010)); *Ming'ate v. Bank of Am., N.A.*, No. 11-1787, 2011 WL 4590431, *3 (D. Minn. Sept. 30, 2011) (internal citations omitted).

the Complaint, but nevertheless, BAC will waive service, effective as of the date of their motion, in order to move the case forward. (Def.'s Dismiss Mem. at 4-5 n. 1).

## II. DISCUSSION

### A. Rocha's Motion for Default Judgment

Rocha's motion for default judgment is based on BAC not answering her Complaint within the time allotted by the rules. BAC asserts that it did not answer in a timely manner because it was not properly served. This Court agrees, and Rocha's motion should be denied.

Fed. R. Civ. P. 55(b) allows a court to enter default judgment against a party that has failed to plead or otherwise defend an action. Pursuant to Fed. R. Civ. P. 12(a)(1), a defendant must answer a complaint 21 days after being served. If a defendant does not respond to the complaint within 21 days, the plaintiff may move for default judgment pursuant to Fed. R. Civ. P. 55. A district court has discretion over whether to grant default judgment. *Grover-Tsimi v. Minnesota*, 09-2852, 2010 WL 2732508, *3 (D. Minn. June 17, 2010). When a defendant is not properly served with a summons and the complaint, the plaintiff is not entitled to default judgment. *Stuke v. Leonard, Street, & Deinard*, No. 11-0141, 2011 WL 2491377, *2 (D. Minn. May 10, 2011) (citing *Operating Engineers Local No. 49 Health and Welfare Fund v. Mesabi Bituminous, Inc.*, No. 10-3955, 2011 WL 741485, *1 (D. Minn. Jan. 4, 2011)).

Fed. R. Civ. P. 4(h) governs service of process on a corporate entity like BAC. The rule provides that, absent a waiver of service, a corporation shall be served in a judicial district of the United States, in one of two ways. *Id.* A corporation may be served by delivering the summons and a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Mailing a copy of the complaint and summons to a corporate defendant that is not addressed to

an officer, manager, or authorized agent is ineffective under Rule 4(h). *Larsen v. Mayo Med. Ctr.,* 218 F.3d 863, 868 (8th Cir. 2000). Alternatively, a corporation may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A).

Rocha's mailing of the Complaint to BAC's corporate offices in North Carolina did not satisfy Fed. R. Civ. P. 4(h)(1)(B). First, that attempted service was by mail and not personal delivery. Second, the service was not addressed to any individual, only the company generally. The service, therefore, was not addressed to an officer, managing or general agent, or an agent authorized to accept service. The individual who signed the certified mail receipt, McClure, was not an officer, managing agent, or agent authorized to accept service, but rather an employee of a vendor working for BAC. The service was not effective under Fed. R. Civ. P. 4(h)(1)(B).

Nor does Rocha's mailing satisfy either of the state rules for service on a corporation. In North Carolina, N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a) and (b), provide for service on a corporation through "delivery" of the summons and complaint with an officer, director, managing agent, or authorized agent or by leaving copies of such with the person "apparently in charge of the office" of one of those individuals. *Id.* North Carolina also allows for service through a deposit with a designated delivery service. *Id.* at 4(j)(6)(d). Alternatively, a North Carolina corporation can be served by mailing a copy of the summons and the complaint, by registered or certified mail, "**addressed to the officer, director or agent to be served**." *Id.* at 4(j)(6)(c) (emphasis supplied). Subsections (a), (b), and (d) are inapplicable in this case because Rocha did not have the documents personally delivered and did not deposit them through a delivery service. Rocha's mailing does not satisfy subsection (c) because it was addressed to the company generally and not to an officer, director, managing agent, or authorized agent. Rocha's

5

mailing does not satisfy Fed. R. Civ. P. 4(e)(1) because the service was not effective under North Carolina's Rules of Civil Procedure.

Minn. R. Civ. P. 4.03(c) allows for personal service on a corporation through delivery of the summons and complaint to an officer, managing agent, or agent authorized to accept service. Minn. R. Civ. P. 4.05 allows for service by mail and requires the plaintiff to mail the summons, complaint, two copies of a notice and acknowledgement in conformity with Form 22, and a prepaid return envelope. *Id.* If the defendant does not return the acknowledgement of service within the time required to serve an answer, "service shall be ineffectual." *Id.* Again, Rocha did not personally serve BAC, so Rule 4.03(c) is inapplicable. While Rocha attempted to serve BAC by mail, she did not file an affidavit suggesting she sent all the documents required by Rule 4.05 and BAC never returned an acknowledgement of service. Rocha's mailing was not effective under Minnesota law and therefore did not comply with Fed. R. Civ. P. 4(e)(1). Because BAC was not properly served, Rocha's motion for default judgment should be denied.[4]

### B. BAC's Motion to Dismiss

#### 1. Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). On a motion to dismiss, a court must assume that all the facts alleged in the complaint are true and generally construe the

---

[4] Rocha also asserted at the hearing that this Court should grant her motion because she contends BAC was late in responding to her motion. Rocha filed her motion for default judgment on May 27, 2011 [Doc. No. 4]. Rocha did not obtain a hearing date for her motion before filing her papers as required by Local Rule 7.1(b). The hearing was originally set for July 29, 2011, making BAC's response due on July 8, 2011. BAC filed its motion papers on June 22, 2011, and its response was therefore timely.

complaint in the light most favorable to the plaintiff. *Id.*; *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009); *Benton v. Merrill Lynch Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). A court may, however, reject any unwarranted inferences and conclusory or catch-all assertions of law. *Elam v. Neidorff*, 544 F.3d 921, 926 (8th Cir. 2008).

A motion to dismiss should be granted only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). To survive a motion to dismiss, the complaint must allege facts that raise more than a speculative right to relief. *Benton*, 524 F.3d at 870 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The complaint is not required to contain detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Therefore, mere conclusory statements that allegedly support only threadbare recitations of the elements of a cause of action, will not survive a motion to dismiss under 12(b)(6). *Iqbal*, 129 S. Ct. at 1949.

Because Rocha is *pro se*, this Court must liberally construe her Complaint. *Norman v. Schuetzle*, 585 F.3d 1097, 1117 (8th Cir. 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, when facing a motion to dismiss, a *pro se* complaint must still allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("*pro se* litigants must set [a

claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). Thus, a *pro se* Complaint must allege facts which, if true, state a claim as a matter of law. *Larson v. Goodman*, No. 09-3600, 2010 WL 4568042, *5 (D. Minn. Sept. 28, 2010) (citing *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980)); *see also Young v. City of St. Charles. Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

2. Rocha Has Failed to State a Claim for Which Relief Can Be Granted

Although not mentioned in her complaint, Rocha contended in her motion for default judgment and at oral argument, that her claim is based on an April 13, 2011 order of the federal government to 16 banks, requiring them to conduct audits and correct financial irregularities. That order, however, does not provide Rocha with an actionable claim.

In April 2010, the Office of the Comptroller of the Currency ("OCC"), the Office of Thrift Supervision ("OTS"), and the Board of Governors of the Federal Reserve System ("Federal Reserve"), announced enforcement actions against 14 residential mortgage servicers and two third-party vendors, for problems in residential mortgage loan servicing and foreclosure processing. As a result of those enforcement actions, on April 13, 2011, the OCC, OTS, and Federal Reserve entered into consent orders with the mortgage servicers and third-party vendors. *See e.g.* Consent Order, In re Bank of America Corporation and Board of Governors of the Federal Reserve System, Docket No. 11-029-B-HC (April 13, 2011), http://www.federalreserve.gov/newsevents/press/enforcement/enf20110413a1.pdf (last visited November 3, 2011). The end of the Consent Order provides, "[n]othing in this Order, express or implied, shall give[][5] to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy, or claim under this Order." *Id.*

---

[5] The actual text of the Order reads "shall given to any person." However, based on the consent decrees issued for the other banks, this Court understands this to be a typo.

As part of the review process, the mortgage servicers began mailings on November 1, 2011, to provide information to potentially eligible borrowers on how to request a review of their case. The agencies set up a website and phone number for borrowers to call for help with their foreclosure situations, http://www.independentforeclosurereview.com/ (last visited November 3, 2011).

The plain language of the consent order between BAC and the federal agencies provides that the order does not confer any legal rights or establish any legal claims on behalf of anyone who is not a party to the agreement. Individual borrowers were not parties to the agreement and therefore, the consent order does not create a cause of action for Rocha to obtain an audit of her loan with BAC through this Court. Because this is the only basis Rocha articulated for her claim, her Complaint fails to state a claim upon which relief can be granted. BAC's motion to dismiss should be denied.

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Rocha's Motion for Default Judgment [Doc. No. 4] be **DENIED**; and
2. Defendant Bank of America's Motion to Dismiss Plaintiff's Complaint [Doc. No. 12] be **GRANTED**.

Dated:  November 7, 2011                                  s/ Steven E. Rau_____
                                                          STEVEN E. RAU
                                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 21, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.